```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :     ECF CASE
EDWARD FLANNERY,                         :
                                               04 Civ. 3307 (WCC)
                 Plaintiff,              :

       - against -                       :     OPINION
                                                AND ORDER
UNITED STATES OF AMERICA and AUDRA M.     :
TORRES,
                                         :
                 Defendants.
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                               LAW OFFICES OF RICHARD C. BELL
                                               **Attorneys for Plaintiff**
                                               545 Eighth Avenue, 18th Floor
                                               New York, New York  10018

RICHARD C. BELL, ESQ.

      Of Counsel


                                               DAVID N. KELLEY
                                             UNITED STATES ATTORNEY FOR THE
                                                SOUTHERN DISTRICT OF NEW YORK
                                               **Attorneys for Defendant**
                                                 **United States of America**
                                               86 Chambers Street
                                               New York, New York  10007

JOHN P. CRONAN, ESQ.
Asst. United States Attorney

      Of Counsel


                                                   *Copies Mailed to Counsel of Record*

**CONNER, Senior D.J.:**

Plaintiff Edward Flannery commenced the instant action against defendants the United States of America (the "United States") and Audra M. Torres (collectively, the "defendants") claiming, *inter alia*, that defendants were negligent, careless and reckless in the ownership, operation, maintenance, repair, inspection and control of their motor vehicle. The United States now moves pursuant to Rule 6.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") for reconsideration of this Court's December 6, 2004 Opinion and Order (the "12/6/04 Opinion") wherein we denied the United States' motion to dismiss the Complaint[1] pursuant to FED. R. CIV. P. 12(b)(1). We grant the United States' motion for reconsideration; however, for the reasons set forth below, we affirm our 12/6/04 Opinion and deny the United States' request for an evidentiary hearing on the scope of employment issue.

**BACKGROUND**

At all times relevant to this action Torres was an employee of the United States Postal Service (the "Postal Service").[2] (V. Complt. ¶ 11.) According to plaintiff, Torres and the Postal Service together, own, maintain, inspect and repair a vehicle bearing the New York license plate BD04545 (the "vehicle"). (*Id.* at ¶¶ 6-22). Torres uses the vehicle personally and also to occasionally carry and deliver mail. (12/6/04 Opinion at 1.) On the morning of March 24, 2003, Torres arrived at her job as a letter carrier at the United States Post Office, Nyack, New York (the

---

[1] All references to the "Complaint" are to plaintiff's Verified Complaint.

[2] The Federal Tort Claims Act (the "FTCA") precludes tort suits against federal agencies. *See* 28 U.S.C. § 2679(a). Therefore, "the only proper federal institutional defendant in such an action is the United States." *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991).

"Post Office") and, upon realizing that there were no available parking spaces, parked the vehicle in front of and parallel to the bays in the loading dock area in the rear of the Post Office building. (*Id*. at 2.) This loading area is usually kept clear of all vehicles except for, periodically, postal vehicles, for which there are designated parking spaces. (*Id*.) It is customary for Post Office employees to park their vehicles in the designated parking spaces in the parking lot. (*Id*.) However, in the event that Post Office employees must park in the loading dock area, their vehicles are never left there all day. (*Id*.)

During the morning of March 24, 2003, Torres prepared for her delivery route by casing her mail, pulling her mail out of the case, wrapping it and placing it in plastic tubs to be taken out to the street for her by a relay parcel post employee. (*Id*.) Shortly thereafter, but before she left on her route, Torres exited the building through an employee door at the rear of the building and went to move the vehicle from the loading area into a parking space that had recently opened up.[3] (*Id*.) According to the United States, Torres was on one of her two daily ten-minute breaks when she left the building to move the vehicle.[4] (*Id*.) Torres was not asked to move the vehicle and she did not advise anyone of her decision to take a break at that time. (*Id*.) Approximately two minutes after Torres exited the building, the vehicle struck plaintiff, a pedestrian, in the Post Office parking lot. (*Id*.)

Plaintiff had come to the Post Office to pick up two parcels and was directed by the window clerk to retrieve them at the loading dock located in the rear of the building. (*Id*. at 3.) As instructed,

---

[3] According to Torres, a parking space became available at that time because other letter carriers had already left to make deliveries on their routes. (*Id*)

[4] The National Letter Carriers Association, of which Torres is a member, requires two ten-minute breaks and a thirty-minute lunch each work day. (*Id*.)

2

plaintiff positioned his vehicle in front of the northernmost bay. Plaintiff then got out to place the parcels into the rear of his vehicle. (*Id.*) As he did so, he was struck by the vehicle driven by Torres, causing him to sustain "serious personal injuries, including . . . a left lower extremity crush injury and left . . . anterior tibial tubercle fracture." (*Id.*)

On August 28, 2003, plaintiff filed an administrative claim under the FTCA, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, for $5,000,000 in personal injury damages. (*Id.*) Plaintiff's "Claim for Damage, Injury or Death" was denied by a letter dated February 5, 2004, and signed by Ann E. Patterson, a Paralegal Specialist in the Law Department of the National Tort Center at the Postal Service. (*Id.*) On April 29, 2004, following the denial of his claim, plaintiff filed the Complaint in this action pursuant to the FTCA.[5] Thereafter, the United States filed a motion to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that Torres was not acting within the scope of her employment when the accident occurred and that the government had not otherwise waived its sovereign immunity under the FTCA for actions taken outside the scope of employment. In the 12/6/04 Opinion this Court concluded that plaintiff had shown that Torres was acting within the scope of her employment at the time of the accident and therefore denied the motion to dismiss. In the present motion, the United States seeks reconsideration of that decision.

---

[5] Pursuant to 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six months after the date that the Postal Service mails the notice of that final action. (*Id.*)

## DISCUSSION

I.        **Motion for Reconsideration Standard**

A motion for reconsideration is governed by Local Rule 6.3[6] and should be granted only where the moving party demonstrates that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* MDL No. 1358, 2001 WL 1042051, at *1 (S.D.N.Y. Sept. 7, 2001) (quotation and citation omitted). Whether to grant or deny a motion for reconsideration lies within "the sound discretion of a district court judge." *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). In the Second Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments." *E. Armata Inc. v. David Lee's Produce Serv. Corp.,* No. 99 Civ. 2042, 2001 WL 1287006, at *1 (S.D.N.Y. Oct. 24, 2001) (quotations omitted). However, a court may grant a motion for reconsideration "to correct a clear error or prevent manifest

---

[6] Local Rule 6.3 states, in relevant part:
> A notice of motion for reconsideration of reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

4

injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.3d 1245, 1255 (2d Cir. 1992); *see also Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942, 2004 WL 2403911, at *1 (S.D.N.Y. Oct. 26, 2004); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (Conner, J.), *aff'd,* 241 F.3d 135 (2d Cir. 2001) ("Local Civil Rule 6.3 provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice.").

In the present motion for reconsideration, the United States contends that the Court went beyond what was necessary to deny the motion to dismiss and improperly decided the scope of employment issue as a matter of law, without conducting an evidentiary hearing. (U.S. Def. Mem. Supp. Mot. Recons. at 6.) We find merit in the United States' argument and realize that our 12/6/04 Opinion could be construed as holding that, as a matter of law, Torres was acting within the scope of her employment. Accordingly, because such an interpretation was not intended and would be clear error on the part of this Court, we grant the United States' motion for reconsideration and take this opportunity to clarify our previous holding as it relates to the scope of employment issue.

**II.          Scope of Employment**

In our 12/6/04 Opinion, we stated that a review of the facts alleged by both parties led us to conclude that Torres was acting within the scope of her employment at the time of the accident, and therefore, the United States' motion to dismiss for lack of subject matter jurisdiction should be denied. However, we failed to adequately explain that our conclusion regarding the scope of employment issue was only that plaintiff had provided enough supporting evidence on this issue to convince us that he should survive the United States' Rule 12(b)(1) motion. To arrive at this

5

conclusion we reviewed the pleadings and other evidence submitted by the parties and considered both while mindful of plaintiff's burden of proof.[7]

The United States contends that when the Court considered the evidence, we shifted the burden of proof and effectively required the United States to submit enough evidence to show that Torres was *not* acting within the scope of her employment, rather than requiring plaintiff to present competent proof that Torres was acting within the scope of her employment. (U.S. Def. Mem. Supp. Mot. Recons. at 12.) Upon reconsideration we agree that some of the language used in our 12/6/04 Opinion may have been misleading. However, as mentioned above, and as set forth in Part I. of the 12/6/04 Opinion, we applied the appropriate standard for considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Additionally, the United States asserts that in the 12/6/04 Opinion this Court improperly and "repeatedly relies upon the factual assumption" that the vehicle was jointly owned by Torres and the Postal Service and that the "only place where this factual assumption finds any support" is in plaintiff's Complaint. (U.S. Def. Mem. Supp. Mot. Recons. at 10.) However, this assertion is simply incorrect. First, while the Court may refer to evidence outside of the pleadings when considering a motion to dismiss for lack of subject matter jurisdiction, we must accept as true all material factual allegations in the Complaint. *See Atl. Mutual Ins. Co. v. Balfour Maclaine Int'l, Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

---

[7] Generally, the court must accept factual allegations contained in a complaint as true for purposes of deciding a motion to dismiss. *See Cohen v. Koenig*, 25 F.3d 1168, 1172-73 (2d Cir. 1994). However, when a motion to dismiss challenges the court's jurisdiction, the court may also properly refer to evidence outside the pleadings to resolve disputed jurisdictional facts. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Jurisdiction must be shown affirmatively; therefore, plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)); *see also Deajess Med. Imaging, P.C. v. Allstate Ins. Co.*, No. 03 Civ. 3916, 2004 U.S. Dist. LEXIS 17125, at *9-10 (S.D.N.Y. Aug. 30, 2004). Accordingly, this Court was correct to consider plaintiff's factual allegations in the determination of whether subject matter jurisdiction existed.[8] Second, plaintiff's factual allegation that the vehicle was jointly owned was merely one of many factors we considered in our inquiry as to whether subject matter jurisdiction existed. It was not a necessary or dispositive factor in denying the motion to dismiss.

Having addressed the United States' contentions we will now clarify our original holding in the 12/6/04 Opinion.

### III.     Clarified Holding

After careful consideration of the evidentiary record, we conclude that plaintiff has satisfied his burden and submitted enough evidence supporting his claim that Torres was acting within the scope of her employment to survive the United States' motion to dismiss under FED. R. CIV. P. 12(b)(1).

Further, our ruling is not that Torres was acting within the scope of her employment, as a matter of law, but rather that plaintiff has alleged sufficient facts and tendered sufficient evidence to support subject matter jurisdiction. We deny the United States' request for an evidentiary hearing on the scope of employment issue and leave any disputed issues of fact to be resolved at trial.

---

[8] It should also be noted that this factual allegation was contained in plaintiff's Verified Complaint, a statement made under oath. *Cf. Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002).

## CONCLUSION

For the foregoing reasons, the United States' motion for reconsideration of this Court's December 6, 2004 Opinion and Order is granted; however, upon reconsideration, we affirm our denial of the United States' motion to dismiss the Complaint.

SO ORDERED

Dated: White Plains, New York
      May 13, 2005

                                              */s/ William C. Conner*
                                              Sr. United States District Judge